IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |
| ) | |
| vs. ) | Crim. No. 99-215 |
| ) | (Civil Action No. 06-212) |
| JOSEPH P. MINERD, ) | |
| ) | |
| Defendant. ) | |

## OPINION

Pending before the Court is Defendant Joseph P. Minerd's Motion to Disclose Grand Jury Transcripts Pursuant to Fed.R.Crim.P. 6 (e)(3)(E)(ii) [Doc. #466]. Defendant's Motion is based upon the contention that he needs the transcripts from the grand jury proceedings which resulted in he being indicted for violating 18 U.S.C. § 844(i) in order to prepare a motion to dismiss "based upon prosecutorial misconduct and fraud placed before the grand jury which returned a single count indictment against him." Motion to Disclose Grand Jury Transcripts Pursuant to Fed.R.Crim.P. 6(e)(3)(E)(ii), p. 1. In support of this position, the Defendant states: "Minerd included exhibits along with his § 2255 Motion to Vacate Sentence that presents reasonable proof that statements included within text of Affidavit were in fact fraudulent. Movant believes that this was a malicious act perpetrated by the AUSA, that knew or should have known to be untrue." Memorandum of Law in Support of Motion to Disclose Grand Jury Transcripts Pursuant to Fed.R.Crim.P. 6(e)(3)(E)(ii) ("Defendant's Supporting Memorandum"), pp. 2-3. Defendant also contends: "[t]he defendant relies on the grand jury transcripts to show that the government's

attorney did everything he could to deliberately express his opinions on questions of facts in an attempt to influence the grand jury findings." Id. at p. 4.

Fed.R.Crim.P. 6 (e)(3)(E)(ii) states: "[t]he court may authorize disclosure - at a time, in a manner, and subject to any other condition that it directs - of a grand jury matter: (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." The Third Circuit Court has further explained: "[t]o support a motion for a judicially ordered disclosure of grand jury testimony, a party must show a particularized need for that information which outweighs the public interest in secrecy." United States v. McDowell, 888 F.2d 285, 289 (3d Cir. 1989), citing, United States v. Proctor & Gamble Co., 356 U.S. 677, 683, 78 S.Ct. 983, 986 (1957). In the instant case, the Court has reviewed all of the exhibits filed with the Defendant's § 2255 Motion to Vacate Sentence, the documents that the Defendant contends prove that the Assistant United States Attorney who came before the grand jury in this matter engaged in prosecutorial misconduct and fraud. There is no evidence within these documents or elsewhere to support a conclusion "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury;" the Defendant has failed to show a particularized need for the information sought.

Moreover, to the extent that the Defendant is arguing that the grand jury transcripts should be turned over to him because they will reveal that the Assistant United States Attorney failed to introduce evidence to the grand jury that the explosion in question was due to a natural gas leak as opposed to a pipe bomb exploding, in United States v. Williams, 504 U.S. 36, 55, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992), the United States Supreme Court held that a district court may not dismiss an otherwise valid indictment because the government failed to disclose to the

grand jury exculpatory evidence that was in its possession because "courts have no authority to prescribe such a duty [to disclose exculpatory evidence to the grand jury]." Id. at 55. Therefore, even if the Assistant United States Attorney failed to introduce said exculpatory evidence to the grand jury, such a fact does not establish a particularized need by Defendant for the transcripts.

Defendant's Motion to Disclose Grand Jury Transcripts Pursuant to Fed.R.Crim.P. 6 (e)(3)(E)(ii) [Doc. #466] is denied.

An appropriate order follows.

June /2, 2008

Maurice B. Cohill, Jr.
Senior District Court Judge